**Bobby Rydell LEE, Petitioner— Appellant,**

v.

**Dora B. SCHRIRO; et al., Respondents— Appellees.**

**No. 07–17011.**

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2009.[*]

Filed May 4, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Patrick E. McGillicuddy, Phoenix, AZ, for Petitioner–Appellant.

Nicholas D. Acedo, Esquire, Diane M. Acosta, Esquire, Arizona Attorney General's Office, Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Respondents–Appellees.

Before: D.W. NELSON and CLIFTON, Circuit Judges, and KING **, District Judge.

** The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM ***

Bobby Rydell Lee appeals the denial of his habeas corpus petition. His appeal raises multiple claims of ineffective assistance of counsel and an alleged violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We affirm.

To establish ineffective assistance of counsel, Lee must show that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Lee has not made this showing for any of his claims.

■ Lee's trial counsel chose not to request a lesser included offense instruction on theft based on a reasonable strategy to force the jury to convict Lee of armed robbery or acquit him outright. *Bashor v. Risley,* 730 F.2d 1228, 1240–41 (9th Cir.1984) (holding counsel's performance was sufficient even though he did not request a lesser included offense instruction). However, even if this tactical decision was deficient, Lee was not prejudiced. Because the jury was instructed on robbery, yet convicted Lee of armed robbery, there is no reason to conclude that the verdict would have been different had the jury also been instructed on the even lesser offense of theft. *See Strickland,* 466 U.S. at 695, 104 S.Ct. 2052 (explaining that in assessing whether a defendant was prejudiced by ineffective assistance, a court should presume that the decisionmaker "reasonably, conscientiously, and impartially" applied the correct legal standards).

■ Similarly, Lee's counsel's rejection of a mistrial was within the range of competent assistance. Counsel's decision was made for a variety of strategic reasons that Lee has not, and cannot, impeach. *Id.* at 689–90, 104 S.Ct. 2052 (explaining that an attorney's actions must be evaluated based on his perspective at the time of the challenged conduct and that judicial scrutiny of the performance must be "highly deferential"). Lee's citations to *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), and *United States v. Crenshaw,* 698 F.2d 1060 (9th Cir.1983), are unavailing, as neither supports the position he intends them to advance.

■ Lee has conceded that his counsel was effective even though he did not file a motion to suppress. However, even if this were not the case, Lee's counsel was not ineffective because the motion to suppress would have been futile. *See, e.g., James v. Borg,* 24 F.3d 20, 27 (9th Cir.1994) (finding no ineffective assistance where the motion that allegedly should have been made would have been futile).

Lee appears to also concede that his *Brady* claim is procedurally defaulted. Even considered on the merits, Lee has not made out a *Brady* violation because the victim's ability to place him at the scene of the crime was not favorable to him. *See Osborne v. Dist. Attorney's Office,* 521 F.3d 1118, 1136 (9th Cir.2008) (" 'One does not show a Brady violation by demonstrating that some of the inculpatory evidence should have been excluded . . . .' ") (quoting *Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.